UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUDOLPH W. GRIFFIN,

                 Plaintiff,

          -against-

ANTHONY J. ANNUCCI, ACTING COMMISSIONER
OF CORRECTIONS; MICHAEL CAPRA, SHIELD #
00101, SUPERINTENDENT OF SING SING
CORRECTIONAL FACILITY; DR. FELIX EZEKWE,
SHIELD # 30402; DR. VALERIE MONROE, SHIELD #
30415; PHARMACIST FRANK CORSO, SHIELD #
31802; MS. ROWAH ROSARIO, SHIELD # 30708,
REGISTERED NURSE,

                Defendants.

18-CV-10405 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

        Plaintiff, currently incarcerated at Green Haven Correctional Facility, brings this *pro se*

action under 42 U.S.C. § 1983, alleging that, while he was incarcerated at Sing Sing Correctional

Facility, Defendants violated his constitutional rights.  By order dated December 13, 2018, the

Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma*

*pauperis*.[1]

## STANDARD OF REVIEW

        The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*,

480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint when the Court lacks

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A.      Service on Defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.  *See Walker v. Schult*, 717 F.3d 119, 123 (2d Cir. 2013); 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).  Rule 4(m) of the Federal Rules of Civil Procedure generally requires service of the summons and complaint to be completed within 90 days of the date the summons issues, and it is Plaintiff's responsibility to request, if necessary, an extension of time for service.  *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). *But see Murray v. Pataki*, 278 F. App'x 50, 51–52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Dr. Dana Gage, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this Defendant.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this Defendant, Dr. Dana Gage.

2

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the address for Dr. Dana Gage, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 3, 2021
          White Plains, New York

_____
          KENNETH M. KARAS
          United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1.    Dr. Dana Gage, Otisville Correctional Facility, 57 Sanitorium Avenue, Otisville, New York 10963