UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RUDOLPH W. GRIFFIN,

                              Plaintiff,

                              -v-                                                  No. 18-CV-10405 (KMK)

MICHAEL CAPRA, FELIX EZEKWE,                      ORDER OF DISMISSAL
VALERIE MONROE, AND DANA GAGE,

                              Defendants.

---

KENNETH M. KARAS, United States District Judge:

      Pro se Plaintiff Rudolph W. Griffin ("Plaintiff"), currently incarcerated at Green Haven Correctional Facility ("Green Haven"), brings this Action, pursuant to 42 U.S.C. § 1983, against Superintendent of Sing Sing Correctional Facility ("Sing Sing" or the "facility") Michael Capra ("Capra"), and Sing Sing Doctors Felix Ezekwe, Valerie Monroe, and Dana Gage, (collectively "Defendants"). (*See* Second Am. Compl. ("SAC") (Dkt. No. 27).)

      On March 31, 2021, the Court granted Defendants' Motion To Dismiss Plaintiff's Second Amended Complaint. (Dkt. No. 41.) The Court dismissed Plaintiff's claims without prejudice and gave Plaintiff 30 days to file a second amended complaint addressing the deficiencies identified in the Opinion & Order. (*Id.* at 17.) As the Court noted, Plaintiff's failure to abide by the 30-day deadline could result in his claims being "dismissed with prejudice." (*Id.*)

      On May 6, 2021, Plaintiff requested an extension until July 26, 2021, to file a third amended complaint. (Dkt. No. 42.) The Court granted the extension. (Dkt. No. 43.) Plaintiff confirmed receipt of the extension in July 2021. (DKt. No. 44.)

      On March 21, 2022, having not heard from Plaintiff since his July 2021 correspondence, the Court issued an Order to Show Cause as to why this action should not be dismissed for

failure to prosecute. (Dkt. No. 45.) Again, the Order warned: "The Court may dismiss this case without further notice in the event that good cause is not shown." (*Id.* at 1.) To date, the Court has not heard anything further from Plaintiff.

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is "a harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (citation and quotation marks omitted). The Second Circuit has further cautioned, "pro se plaintiffs should be granted special leniency regarding procedural matters." *Id.* (citation omitted). "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the court gives warning." *Jacobs v. County of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations omitted) (quoting *LeSane*, 239 F.3d at 209).  No single factor is dispositive.  *See LeSane*, 239 F.3d at 210 (citing *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994)); *Hardimon*, 2014 WL 2039116, at *1.

      The Court concludes that these factors weigh in favor of dismissing this Action.  As noted, Plaintiff was warned in the Court's Opinion & Order that the Court may dismiss Plaintiff's case for failure to prosecute.  (Dkt. No. 41.)  Plaintiff's only subsequent communications with the Court were a request for an extension—which expired nearly 9 months ago—and confirmation of receipt thereof.  (Dkt. Nos. 42, 44.)  Given the duration of Plaintiff's failure to take any action with respect to his case, his failure to comply with the Court's Order, and the Court's repeated warnings that failure to amend or prosecute his case could result in dismissal, the Court concludes that dismissal is warranted.  Furthermore, in light of Plaintiff's pro se status, dismissal without prejudice appropriately takes into account the efficacy of lesser sanctions.  *See Waters v. Camacho*, 288 F.R.D. 70, 71–72 (S.D.N.Y. 2013) ("The sanction of dismissal without prejudice . . . complies with the fifth factor, considering the efficacy of lesser sanctions.").

      Accordingly, this Action is dismissed without prejudice for failure to prosecute.  *See Ramsaran v. Abraham*, No. 15-CV-10182, 2017 WL 6542499, at *4 (S.D.N.Y. Dec. 21, 2017) (dismissing certain claims for failure to prosecute when the plaintiff did not comply with a court order); *Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (dismissing case and noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case" (italics omitted)); *Smalls v. Bank of N.Y.*, Nos. 05-CV-8474, 07-CV-8546, 2008 WL 1883998, at *4 (S.D.N.Y. Apr. 29, 2008) (dismissing

3

case for failure to prosecute where the plaintiffs failed to respond to correspondence from defense counsel and the court received no communication from the plaintiffs for nearly two months).

      The Clerk of Court is directed to mail a copy of this Order to Plaintiff and to close this case.

SO ORDERED.

DATED:    April 4, 2022
             White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE